Steyer Lowenthal Boodrookas
  Alvarez & Smith LLP attorneys

June 6, 2017

*Via ECF*

Honorable Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 Market Street N, 3rd Floor
Wilmington, DE 19801

Re:   *In re Lily Robotics, Inc.*
      Case No. 17-10426 (KJC), Chapter 11
      Docket Nos. 8, 10, 31, 40, 73, 86, 123, 134, 159, 170, 184

Dear Judge Carey:

    Creditor and Moving Party Fifth Historic Properties, LLC ("Fifth Historic") respectfully submits this letter brief concerning California law applicable to the attorney's fees requested by Fifth Historic in its Motion Requiring Debtor Lily Robotics, Inc. ("Debtor") To Pay Postpetition Obligations Under Nonresidential Lease Pursuant To Sections 105 and 365(d)(3) of the Bankruptcy Code ("365(d)(3) Motion") as requested by the Court at the May 23, 2017 hearing on the 356(d)(3) Motion.

    As the Court is aware, Fifth Historic's 365(d)(3) Motion was filed on March 31, 2017. Prior to filing the Motion, Landlord made a reasonable effort to obtain its March rent payment starting with a postpetition March 15, 2017 demand letter. Debtor responded that it would not be paying any obligation to Fifth Historic and would seek the Court's approval to extend the time for payment of its lease obligations.

    True to its word, pursuant to its Motion For An Order Authorizing Debtor to Obtain Postpetition Financing, Debtor proposed in its Motion For An Order Authorizing Debtor to Obtain Postpetition Financing a DIP Financing budget that omitted a line item for either the funding or payment of *any* rent to Landlord. Fifth Historic filed an objection to Debtor's proposed DIP Financing based on Debtor's omission and sought to require Debtor, at a minimum, to borrow sufficient funds to meet commercial lease payments required postpetition by the clear language of the Bankruptcy Code and controlling Third Circuit precedent.

    Following the hearing on DIP Financing, at which the Court overruled Fifth Historic's Limited Objection but acknowledged Debtor's postpetition rent obligations, Fifth Historic filed the 365(d)(3) Motion to obtain the affirmative relief it had been seeking all along; payment of March rent. It was not until **after** the 365(d)(3) Motion was filed, however, did the Debtor amend its proposed financing budget to include funds to pay post-petition rent due to Fifth Historic. Then, on April 8, 2017, the Debtor paid Fifth Historic the rent that was due on March 1 and April 1, 2017

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

Honorable Kevin J. Carey
June 6, 2017
Page 2

and the Stub Rent. However, Debtor failed to pay Fifth Historic the attorney's fees Fifth Historic incurred in connection with its efforts to enforce Debtor's obligations under the Lease which were also sought in the 365(d)(3) Motion.

Section 31 of the Lease provides "[i]n the event of any action or proceeding between Landlord and Tenant (including an action or proceeding between Landlord and the trustee or debtor-in-possession while Tenant is a debtor in a proceeding under any bankruptcy law) to enforce any provision of this Lease, the losing party shall pay to the prevailing party all costs and expenses, including reasonable attorneys' fees and expenses, incurred in such action and in any appeal in connection therewith by such prevailing party."

California law provides that when a party obtains an unqualified victory by prevailing on a contract claim the trial court has no discretion and must award attorney's fees to the prevailing party. *Zintel Holdings, LLC v. McLean*, 209 Cal.App.4th 431, 442-43 (Cal. Ct. App. 2d Dist. 2012).

Under California law, the "prevailing party" on a contract for the purpose of awarding attorney's fees is defined as "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code §1717(b)(1). Here, Fifth Historic clearly recovered the greater relief than Debtor in this action. The relief sought by the Landlord was the payment of post-petition rent. Initially, the Debtor refused to timely pay rent, did not budget for the payment of *any* rent, and advised it was going to seek an Order of this Court extending for cause the Debtor's time to pay rent. Landlord prevailed, because ultimately the Debtor: (a) included in its postpetition budget the funds necessary to pay Fifth Historic rent under the Lease, (b) paid Fifth Historic all of the base rent, interest and late fees due post-petition under the Lease, and (c) amended its proposed rejection order to clarify the surrender date of the Premises. Accordingly, Fifth Historic is the prevailing party entitled to recover its attorney's fees and costs from Debtor.[1]

---

[1] Nor does the provision in California Civil Code Section 1717(b)(2) for shifting the prevailing party from plaintiff to defendant when a defendant tenders the amount due under the contract change the result here. That provision requires that the defendant tender the amount due under the contract **prior to the commencement** of the action and thereafter raise in its answer the tender as a defense in order to be the prevailing party entitled to attorney's fees. If that were not the case, the defendant could force the plaintiff to incur attorney's fees to file an action, thereafter on the eve of trial tender the amount due and be rewarded its attorney's fees. Such is not California law. Because Debtor failed to pay the postpetition rent due under the Lease until **after** Fifth Historic was forced to file the 365(d)(3) Motion, Debtor cannot be the prevailing party. *See also* Cal. Code Civ. Proc. §1025 (under the same statutory scheme as Civil Code Section 1717(b)(2), a defendant is a prevailing party for purposes of costs when the defendant alleges in his answer that before the commencement of the action he tendered to the plaintiff the full amount to which he was entitled).

{00020537.}

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

Honorable Kevin J. Carey
June 6, 2017
Page 3

Debtor has argued in its opposition to the 365(d)(3) Motion that (a) said motion is moot because Debtor paid Fifth Historic the post-petition rent due (after Fifth Historic filed the 365(d)(3) Motion); (b) Fifth Historic did not prevail on any "contested" matter; and (c) Debtor in fact claims that it is the prevailing party with respect to Fifth Historic's limited objection to Debtor's postpetition financing motion. Debtor's arguments lack merit.

As an initial matter, that Debtor acquiesced to the relief Fifth Historic requested in its limited objections and in the 365(d)(3) Motion does not make Debtor's breach of its obligations to timely pay Fifth Historic postpetition rent due under the Lease moot or uncontested.[2] Rather, Fifth Historic was forced to file its limited objections and the 365(d)(3) Motion to recover the base rent and other sums it was entitled to under the Lease and which Debtor failed and refused to pay for more than thirty-five (35) days. Debtor acquiesced to Fifth Historic's demands only after Fifth Historic filed the limited objections and 365(d)(3) Motion with the Court.[3] Under California law and this Court's precedent, Fifth Historic is the prevailing party and entitled to its attorney's fees. *See In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D.Del. 2001) (concluding that a "[c]ontested matter in bankruptcy cases involve presentation of legal positions through pleadings, oral arguments and testimony.").

Moreover, under California law, the "prevailing party" is entitled to recover ***all of its fees***, even including those fees incurred on motions or causes of action in which the ultimate prevailing party did not "prevail." *See Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal.App.4th 515, 546-47 (Cal. Ct. App. 1st Dist. 2012). Likewise, a single lawsuit cannot have multiple prevailing parties on distinct contractual claims involving the same contract. *See, e.g., Frog Creek*, 206 Cal.App.4th at 520; *Roberts v. Packard, Packard & Johnson*, 217 Cal.App.4th 822, 840 (Cal. Ct. App. 2d Dist. 2013).

In *Frog Creek*, a property owner filed a civil action against a builder for breach of a construction agreement and the builder cross-complained. The builder petitioned the trial court to compel arbitration which was denied; however, pursuant to the directions stated in an order of the court of appeal, the trial court granted the builder's subsequent petition to compel arbitration, and

---

[2] The Lease does not even require that the matter be a "contested" one, just that Fifth Historic and Debtor be parties to "any action or proceeding" including "an action or proceeding between Landlord and . . . debtor-in-possession while Tenant is a debtor in a proceeding under any bankruptcy law" to enforce the Lease. Lease, §31.

[3] Of course, Debtor's argument that there is no contested matter on which Fifth Historic can be the prevailing party is erroneous; Fifth Historic's limited objections to Debtor's motions and Debtor's opposition to Fifth Historic's 365(d)(3) Motion are "contested" matters. In fact, the relief sought by Fifth Historic's 365(d)(3) Motion remains contested - Debtor has failed and refused to pay Fifth Historic's attorney's fees and costs incurred to enforce the Lease as requested therein.

Steyer Lowenthal Boodrookas
  Alvarez & Smith LLP attorneys

Honorable Kevin J. Carey
June 6, 2017
Page 4

the builder obtained a substantial award in the arbitration. Nevertheless, the trial court awarded the property owner attorney's fees incurred opposing the first unsuccessful petition to compel arbitration. The court of appeal reversed, holding that under California Civil Code Section 1717, attorney's fees for the first petition to compel should have been awarded to the builder, who prevailed on the contract dispute as a whole, rather than to the property owner, who won only an interim victory because the denial of the first petition to compel arbitration "did not resolve the parties' contract dispute" which dispute was instead ultimately resolved in the builder's favor. *Id.* at 546. The court of appeal ruled that the builder was "entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail." *Id.*

The holding in *Frog Creek* is equally applicable here – fees under California Civil Code Section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim step. Therefore, even if Debtor is deemed to have succeeded in opposing Fifth Historic's limited objection to Debtor's postpetition financing motion (which it did not because Debtor included the precise relief requested in Fifth Historic's limited objection in the postpetition financing budget approved by this Court), because Fifth Historic "ultimately prevailed," *i.e.*, recovered the postpetition rent, interest and late fees due under the Lease from debtor after having filed the 365(d)(3) Motion, Fifth Historic is the ultimate prevailing party entitled to recover all of its attorney's fees incurred to enforce its rights under the Lease consistent with the provisions of Section 365(d)(3).

Accordingly, Fifth Historic respectfully requests that this Court grant its 365(d)(3) Motion and award its reasonable attorney's fees and costs incurred with protecting and enforcing Fifth Historic's rights under the Lease.

Thank you for your consideration of this matter.

Very truly yours,

Dana M. Andreoli

Of counsel: Frederick B. Rosner

{00020537.}